UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PB INTERNATIONAL INVESTMENT FUND, LTD. | CIVIL ACTION NO. 20-2932 |
| VERSUS | SECTION: "H"(1) |
| SAFIRA M/Y | JUDGE JANE TRICHE MILAZZO |
| | MAGISTRATE JUDGE JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion for Leave to File Amended Third-Party Complaint filed by Safira Maritime Holdings, LLC ("Safira"). (Rec. Doc. 76). For the following reasons, the Motion is GRANTED in part and DENIED in part.

Background

This lawsuit arises out of a series of vessel allisions in Florida. On November 23, 2019, the 39 meter M/Y SAFIRA departed from the Seahaven Superyacht Marina and struck a docked catamaran on the south side. The catamaran's tender struck or brushed up against the tender of another vessel. The SAFIRA then collided with a third vessel that broke free and the third vessel collided with the 49 meter M/Y PLAN B. At the time of the incident, the SAFIRA was undergoing a sea trial of azipods following maintenance work that had been performed on the azipods in September 2019 by Schottel, Inc, which is also the manufacturer of the azipods. It is alleged that the port azipod malfunctioned causing SAFIRA to lose control.

The lawsuit was initiated on March 6, 2020, in the Southern District of Florida, by PB International Investment Fund, Ltd. ("PB"), the owner of the PLAN B, against the SAFIRA alleging damages in excess of $350,000. The SAFIRA appeared through its owner Safira Maritime Holdings, LLC ("SMH") and filed an Answer, Affirmative Defenses and Third-Party Complaint

1

against Schottel, Inc. ("Schottel") asserting claims for negligence, indemnification, and contribution. The Southern District of Florida issued a scheduling order setting trial to begin on April 20, 2021, and requiring pleading amendments to be filed by July 1, 2020. On July 28, 2020, the parties appeared and stipulated the dismissal of PB's complaint against the SAFIRA. The third party complaint of SMH against Schottel remains. On October 26, 2020, the Southern District of Florida granted Schottel's Motion to Transfer to the case to this district based on a forum selection clause in the "General Conditions of Sale, Delivery and Service." (Rec. Doc. 49; Rec. Doc. 25-2).

A scheduling order was issued by this Court, and trial has been set to begin on December 6, 2021. The deadline to complete discovery is September 9, 2021. The deadline to amend pleadings was January 21, 2021.

On January 21, 2021, SMH filed its Motion for Leave to File Amended Third-Party Complaint.[1] SMH seeks to add a fourth claim, labeled "other fault and liabilities of Schottel" alleging that Schottel is liable for its "extreme and unconscionable culpable conduct, recklessness . . and/or gross and intentional fault;" its negligent or intentional misrepresentations concerning the safety and suitability of its work; and breach of express or implied contract or warranty. It alleges that Schottel is liable "and cannot escape liability regardless of any claimed contractual or exculpatory or indemnity clauses or defenses, all of which are unconscionable, unenforceable, and void." SMH also responds to Schottel's affirmative defenses by denying them, and in the case of Schottel's defenses that SMH's complaint fails to state a claim and is insufficient as a matter of law, requests that the defenses be stricken.

Schottel opposes the Motion for Leave. It complains that the claim is an attempt by SMH to avoid its contractual obligations. Schottel says that pursuant to the contract between SMH and

---

[1] The filing was marked deficient by the Clerk of Court because it was not filed by counsel of record. SMH timely filed a corrected motion.

2

Schottel, SMH is obligated to indemnify Schottel for the very claims it has made against Schottel. Schottel notes that the application of the contract has already been confirmed by the Southern District of Florida in enforcing the forum selection clause therein. Schottel insists that SMH's allegations that Schottel's actions were intentional or fraudulent are unsupported by any evidence and the allegations do not satisfy the requirements of Federal Rule of Civil Procedure 11. It further argues that SMH has only alleged fraud generally and has failed to meet the heightened pleading standard of Rule 9. Finally, Schottel argues that SMH's attempt to strike its affirmative defenses via a pleading is procedurally improper and lacks any legal basis.

In reply, SMH argues that Schottel's motion to strike argument can be disposed of because SMH has not filed a motion to strike the affirmative defenses. SMH further argues that Schottel inappropriately submits evidence in support of its argument that SMH's claims are unsupported. It points out that the standard of Rule 12(b)(6) applies and all well-pleaded facts must be accepted as true. It insists that Schottel may not be permitted to sidestep a motion for summary judgment by seeking substantive relief under the guise of a procedural objection. SMH adds that it has not asserted a claim for fraud and that, therefore, the pleading standard of Rule 9 is inapplicable.

Law and Analysis

1. *Standard to Amend Pleadings*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered

by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

To determine whether a complaint is futile, courts "apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000) (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In addition, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. "The particularity standard of Rule 9(b) generally requires the plaintiff to plead the time, place, and contents of the false representation and the identity of the person making the representation." United States v. Bollinger Shipyards, Inc., 775 F.3d 255, 260 (5th Cir. 2014). Thus, the Fifth Circuit requires that "a party alleging fraud must, at minimum, plead the 'who, what, when, where, and how' of the alleged fraud." Webb v. Everhome Mortg., 704 F. App'x 327, 329 (5th Cir. 2017) (quoting Williams v. WMX Techs., Inc., 112 F.3d 175, 179 (5th Cir. 1997)). This standard "ensures the complaint 'provides defendants with fair notice of the plaintiffs' claims,

4

protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs.'" U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009) (quoting Melder v. Morris, 27 F.3d 1097, 1100 (5th Cir. 1994)).

"[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338–39 (5th Cir. 2008). Fraud, as defined by Louisiana law, is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953; Boutain v. Radiator Specialty Co., No. CIV.A. 11-1907, 2011 WL 6130754, at *2 (E.D. La. Dec. 8, 2011) (quoting La. Civ. Code. Art. 1953). The elements of a Louisiana fraud or intentional misrepresentation claim are: "(1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury." Guidry v. United States Tobacco, 188 F.3d 619, 627 (5th Cir. 1999).

2. *SMH's Proposed Amendment*

SMH filed its Motion for Leave to Amend before the pleading amendment deadline, so the Rule 15 standard applies and the court must grant leave to amend unless it has substantial reason to deny the request.

Here, there is no evidence of undue delay or dilatory motive. There is no prejudice to be suffered. The motion was timely filed before the court ordered deadline and trial is not set to begin until December 2021.

Essentially, Schottel argues that the amendment is futile. As SMH rightly points out, the futility of a proposed amendment does not allow the court to consider evidence that would defeat

5

the claim. Only the pleadings are considered at this stage, and, accordingly, the court does not consider the merits of Schottel's claim that the new claims lack evidentiary support.[2]

SMH appears to allege fraud as at least one basis for voiding its contractual obligation to indemnify Schottel. In reply, SMH says that it is not alleging fraud, but the court finds that by invoking Schottel's "intentional misrepresentations" as a basis for liability, SMH has done so even if it has not used the word fraud. SMH's fraud claim, however, does not satisfy Rule 9. SMH alleges that Schottel is liable for "negligent and/or intentional misrepresentation including non-communication and/or failure to communicate regarding safety, suitability, inspection, service, performance, and results of Schottel's work." This does not state the particularity of the circumstances constituting fraud or mistake or provide Schottel with fair notice of the basis of SMH's claim. Nowhere has SMH alleged the who, what, when, where, and how of the alleged misrepresentations or explained why the statements (or omissions) were fraudulent. See Webb, 704 F. App'x at 329. Under the Rule 9 standard, SMH's proposed pleading fails to state claim for fraud, i.e., liability resulting from intentional misrepresentations.

SMH also seeks to add claims that Schottel is liable for extreme and unconscionable conduct, for negligent misrepresentations, and for breach of express or implied warranty or contract. It appears that the factual allegations that support these new claims have already been plead. For example, SMH alleges that Schottel manufactured and maintained the azipods, that Schottel technicians informed SMH and the SAFIRA's crew that the SAFIRA was safe for operation, and that the port azipod malfunctioned. Importantly, Schottel does not argue that these new claims fail to meet the pleading standard under Rule 8. The court does not find a substantial reason to deny leave to amend as to these claims.

---

[2] Schottel also submits that SMH's claims in the present Third-Party Complaint are precluded by SMH's indemnity obligations to Schottel. That issue is not squarely before the court at this time.

With regard to SMH's response to Schottel's Affirmative Defenses, the court does not interpret SMH's request that the First and Second Affirmative Defenses be stricken as a motion to do so. If SMH seeks to have Schottel's affirmative defenses stricken, it must file a separate motion with a memorandum of law in support. SMH concedes as much in Reply. No other deficiencies with regard to SMH's response to Schottel's Affirmative Defenses have been identified.

## Conclusion

For the foregoing reasons, the Motion for Leave to Amend is GRANTED in part and DENIED in part. SMH shall be allowed to file its amended pleading, however, it shall not be allowed to allege a claim for intentional misrepresentation based on the facts presently alleged. Accordingly, within seven days, SMH shall file its Amended Third-Party Complaint into the record with the deletion of its "intentional misrepresentations" claim. If SMH can, now or at a later time, allege facts to support a fraud claim, it may file a new motion for leave to amend with a proposed pleading that satisfies the Rule 9 standard, provided that Rule 15 and Rule 16 remain applicable to any such motion.

New Orleans, Louisiana, this 10th day of February, 2021.

Janis van Meerveld
United States Magistrate Judge